UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JESUS ANTONIO GARCIA-VILLALBA,<br><br>　　　　　Defendant. | No. CR04-301P<br><br>ORDER ON PENDING MOTIONS |

This matter comes before the Court on two motions by Defendant Jesus Antonio Garcia-Villalba: (1) Defendant's Motion for Evidentiary Hearing (Dkt. No. 1140); and (2) Defendant's Motion for Issuance of Writ of Habeas Corpus Ad Testificandum. (Dkt. No. 1143). Having reviewed the papers and pleadings submitted by the parties and the balance of the record, the Court hereby finds and ORDERS as follows:

　　(1)　The Court is without jurisdiction to consider Defendant's pending motions unless Defendant's motion for an evidentiary hearing is recharacterized as a motion brought under 28 U.S.C. § 2255. Therefore, Defendant is notified that the Court intends to recharacterize his motion for an evidentiary hearing as a motion brought under § 2255.

　　(2)　Within 60 days of the date of this order, Defendant shall either:

ORDER - 1

|   |     |     |
|---|-----|-----|
| 1 | (a) | File an amended motion that includes all of the § 2255 claims that he believes he |
| 2 |     | may have; |
| 3 | (b) | File an amended motion for relief under § 2255 limited to his request to pursue |
| 4 |     | an out-of-time appeal; or |
| 5 | (c) | Notify the Court that he wishes the Court to recharacterize his motion for an |
| 6 |     | evidentiary hearing as a motion under § 2255 without any amendments to the |
| 7 |     | existing pleading. |

If Defendant takes none of these actions within the next 60 days, the Court will regard his motion for an evidentiary hearing as withdrawn, without prejudice to renewal within the limitations period for § 2255 motions.

(3) Defendant's motion for an evidentiary hearing (Dkt. No. 1140) is STRICKEN from the Court's motion calendar, without prejudice to renewal as a motion brought under 28 U.S.C. § 2255.

(4) Defendant's motion for issuance of writ of habeas corpus ad testificandum (Dkt. No. 1143) is STRICKEN from the Court's motion calendar as premature, without prejudice to renewal.

**Analysis**

On October 14, 2005, the Court entered a judgment sentencing Defendant to a 240-month term of imprisonment. Defendant had been convicted of various drug offenses following a jury trial. Defendant failed to file a timely notice of appeal from the Court's judgment, allegedly due to ineffective assistance of counsel. Defendant now requests an evidentiary hearing to determine whether he may pursue an out-of-time appeal of his conviction and sentence. In response, the Government argues that the Court lacks jurisdiction to consider Defendant's motion as it is currently framed. The Government suggests that the Court may consider this motion only if it is recharacterized as a motion brought under 28 U.S.C. § 2255.

Federal Rule of Appellate Procedure 4(b)(1)(A) provides that a defendant in a criminal case must file a notice of appeal with 10 days after entry of the judgment. On a finding of excusable

ORDER - 2

neglect or good cause, the district court may extend the deadline for filing a notice of appeal for up to 30 days after the initial 10-day time limit. See Fed. R. App. P. 4(b)(4).

"[C]ourts have consistently viewed the filing deadlines of Federal Rule of Appellate Procedure 4(b) as 'both mandatory and jurisdictional.'" United States v. Avendano-Camacho, 786 F.2d 1392, 1394 (9th Cir. 1986). The Ninth Circuit has repeatedly held that a district court cannot extend the time to file a notice of appeal beyond the times allowed by the rules. See, e.g., United States v. Pearce, 992 F.2d 1021, 1022 (9th Cir. 1993) ("[a] district court does not possess the authority" to order an out-of-time appeal); United States v. Buzard, 884 F.2d 475, 475 (9th Cir. 1989) (district court not authorized to extend the time for filing notice of appeal where more than thirty days had elapsed from the expiration of the time otherwise prescribed for filing the notice of appeal); Smith v. United States, 425 F.2d 173, 174 (9th Cir. 1970) (where district court issued order allowing a defendant to file notice of appeal more than 40 days after judgment was entered, the order "was unauthorized and is a nullity"). In Avendano-Camacho, for instance, the court held that it lacked jurisdiction to hear an appeal where the appellant "missed the initial ten-day filing period, as well as the thirty additional days provided for seeking an extension of time due to 'excusable neglect.'" 786 F.2d at 1394.

As a result, the Government is correct that the Court lacks jurisdiction to consider Defendant's pending motions as they are currently framed. Instead, as the Government suggests, the Court may consider this matter only if Defendant's motion for an evidentiary hearing is recharacterized as a motion brought under 28 U.S.C. § 2255. See, e.g., United States v. Pearce, 992 F.2d 1021, 1022 (9th Cir. 1993) ("collateral attack under § 2255 is the proper avenue for a defendant to claim that he was denied the right to a direct appeal as the result of constitutionally inadequate counsel").

The Supreme Court has noted that recharacterizing a motion as one brought under § 2255 "can have serious consequences for a prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a 'second or successive' (but not upon a first)

ORDER - 3

federal habeas motion." Castro v. United States, 540 U.S. 375, 377 (2003). As a result, the Court in Castro held that when a district court intends to recharacterize a motion filed by a pro se prisoner as a motion brought under 2255, the district court:

> [M]ust notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

Castro v. United States, 540 U.S. 375, 383 (2003). The Government suggests that the Court must comply with the Castro requirements if it intends to recharacterize Defendant's motion as one arising under § 2255.

However, it is not clear that Castro would be applicable to this case. First, the requirements set forth in Castro apply to cases involving pro se litigants. In this case, Defendant is represented by counsel. In addition, the Ninth Circuit has held that if a defendant brings a successful § 2255 motion to file an untimely appeal, he is not subject to restrictions on filing a subsequent § 2255 motion. In Johnson v. United States, 362 F.3d 636 (9th Cir. 2004), the court held that "a successful 2255 petition, utilized as a device to obtain an out-of-time appeal, does not render a subsequent collateral challenge 'second' or 'successive.'" Id. at 638. In this case, Defendant's motion for an evidentiary hearing has been filed as a device to obtain an out-of-time appeal. As a result, the Court could effectively contradict the Ninth Circuit's decision in Johnson by issuing the "warning" set forth in Castro (i.e., to warn Defendant that "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions").

**Conclusion**

There is some degree of tension between the Supreme Court's decision in Castro and the Ninth Circuit's decision in Johnson. Although it is questionable that Castro is applicable in this case because Defendant is represented by counsel, the Court in an abundance of caution hereby ORDERS as follows:

ORDER - 4

1  (1) The Court is without jurisdiction to hear Defendant's pending motions as they are currently framed. Defendant is notified that the Court intends to recharacterize Defendant's motion for an evidentiary hearing (Dkt. No. 1140) as a motion brought under 28 U.S.C. § 2255.

  (2) Defendant is advised that in <u>Castro v. United States</u>, 540 U.S. 375, 383 (2003), the Supreme Court held that a district court must warn pro se litigants that recharacterizing a motion as one brought under § 2255 "means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions." However, Defendant is also advised that the Ninth Circuit held in <u>Johnson v. United States</u>, 362 F.3d 636, 638 (9th Cir. 2004), that "a successful 2255 petition, utilized as a device to obtain an out-of-time appeal, does not render a subsequent collateral challenge 'second' or 'successive.'" Defendant's counsel should review both of these decisions to determine whether to include all of Defendant's potential § 2255 claims in an amended motion.

  (3) Within <u>60 days</u> of the date of this order, Defendant shall either:

   (a) File an amended motion that includes all of the § 2255 claims that he believes he may have;

   (b) File an amended motion for relief under § 2255 limited to his request to pursue an out-of-time appeal; or

   (c) Notify the Court that he wishes the Court to recharacterize his motion for an evidentiary hearing as a motion under § 2255 without any amendments to the existing pleading.

If Defendant takes none of these actions within the next 60 days, the Court will regard his motion as withdrawn, without prejudice to renewal within the limitations period for § 2255 motions.

  (4) Defendant's motion for an evidentiary hearing (Dkt. No. 1140) is STRICKEN from the Court's motion calendar, without prejudice to renewal as a motion brought under 28 U.S.C. § 2255.

  (5) Defendant's motion for issuance of writ of habeas corpus ad testificandum (Dkt. No. 1143) is STRICKEN from the Court's motion calendar as premature, without prejudice to renewal.

ORDER - 5

(6)     The clerk is directed to provide copies of this order to all counsel of record.

Dated:   May 1, 2006

                                                          s/Marsha J. Pechman
                                                         Marsha J. Pechman
                                                         United States District Judge

ORDER - 6